## Robert Porter *vs.* Giles G. Leach.

Under the Rev. Sts. *c.* 97, §§ 74–76, when an execution is delivered to an officer to be served, and the person who is the debtor therein delivers to the officer an execution against the person who is creditor therein, the officer cannot justify a refusal to set off the one against the other, by making a return that he had due

Porter v. Leach.

notice of an assignment of the first execution, at the time when it was put into his hands, and therefore could not set off the one against the other: To justify the officer in refusing to make the set-off, it should appear, by his return, or otherwise, that the execution first delivered to him had been lawfully and in good faith assigned to another person, before the creditor in the second execution became entitled to the sum due thereon.

TRESPASS for taking away and converting the plaintiff's wagon. The action was commenced before a justice of the peace, and went into the court of common pleas by appeal. In that court, the parties submitted the case upon an agreed statement of facts, on which a judgment was rendered, from which an appeal was taken to this court. The facts, as stated, were these :

On the 6th of July 1847, William H. Abbot recovered a judgment against the plaintiff, before a justice of the peace, for $20 damage, and $12·67 costs. A few minutes after said judgment was rendered, the plaintiff sued out a writ against said Abbot, which was served on the same day, and with a view, on the part of the plaintiff, of offsetting the execution, which he might get against Abbot. He procured a stay of execution on Abbot's said judgment, for fourteen days, and on the 13th of the same July recovered judgment against said Abbot for $3 damage, and $7·99 costs, and took out execution thereon, on the 15th of said July. On the 21st of said July, Abbot's execution was issued against the plaintiff, and was put into the hands of the defendant, a constable of Stoughton, and he, on the same day, demanded of the plaintiff payment thereof, who paid him the amount thereof, except $11·24, (the amount of the plaintiff's judgment against Abbot, and twenty five cents for his writ of execution,) and tendered to the defendant his legal fees, and put into his hands the plaintiff's said execution against Abbot, directed to the constables of Stoughton, and required the defendant to offset the balance of Abbot's execution. On the 2d of August following, the defendant demanded of the plaintiff the said balance of $11·24, on Abbot's execution against him, in money, which the plaintiff refused to pay ; and thereupon the defendant seized the plaintiff's wagon on said

execution, and sold it at auction, in due form, on the 6th of said August, for more than sufficient to pay said $11·24 and costs of levy, and paid to the plaintiff the overplus of the proceeds of the sale, and returned said execution satisfied. On the 23d of said August, the defendant made the following return on the plaintiff's execution against Abbot : " By virtue of this execution, I have made diligent search, and could find no property belonging to said Abbot, to the acceptance of the said Porter, within my precinct. At the receipt of said execution from said Porter, I had in my hands an execution of said Abbot against said Porter ; but having had due notice of an assignment, at the time it was put into my hands I could in no way set off the one against the other, and therefore, not having been directed to take the body of the said Abbot, I return this execution in no part satisfied. Giles G. Leach, Constable of Stoughton."

*E. Ames*, for the plaintiff. By the Rev. Sts. *c.* 97, §§ 74, 75, the defendant was bound to set off the plaintiff's execution against Abbot, on being required by the plaintiff so to do ; and on the plaintiff's tendering the defendant's fees, and demanding the offset of the balance, Abbot's execution against the plaintiff was discharged, and the defendant's subsequent proceeding thereon was a trespass. *Goodenow* v. *Buttrick*, 7 Mass. 140. *Jones* v. *Carpenter*, 9 Met. 509. The burden was on the defendant to show the validity of the assignment of the judgment. But he did not state, in his return, *when* the assignment, of which he says he had notice, was made. An assignment, by Rev. Sts. *c.* 97, § 76, prevents an offset, only when it is made lawfully, and in good faith, " *before* the creditor in the second execution became entitled to the sum due thereon."

*A. L. Cushing*, for the defendant. Notice of an assignment was given to the defendant, and he could not call a jury to decide on its validity. He did all that he knew how to do, and stated the assignment, in his return ; and that is to be taken as true. See 3 Steph. N. P. 2042. *Briggs* v. *Wardwell*, 10 Mass. 356.

Porter *v.* Leach.

WILDE, J. Upon the facts agreed, the court are of opinion that the plaintiff is entitled to judgment.

The defendant was bound to set off the amount of the plaintiff's execution, on Abbot's execution against him, unless it is made to appear, by his return on the plaintiff's execution, that such a set-off was not by law allowable. And this we think does not appear by the return. The return is, that at the receipt of the plaintiff's execution, the defendant had in his hands an execution of said Abbot against said Porter, but that having had due notice of its assignment, at the time it was put into his hands, he could in no way set off the one against the other. To justify the defendant, it should be made to appear, by his return, or otherwise, that Abbot's execution had been lawfully, and in good faith, assigned to another person, before the plaintiff became entitled to the sum due on his execution. This does not appear with sufficient certainty. The defendant might have had notice that an assignment had been made, although such was not the fact. And if an assignment had been made, it might not have been made in good faith, but for the purpose of defeating the plaintiff's right of set-off. Nor does it appear that the assignment was made before the plaintiff became entitled to the sum due on his execution, as the statute requires, in order to defeat his right of set-off.

It was argued for the defendant, that he had no means of ascertaining whether the assignment had been made in good faith, or not. But if so, his duty was to give notice to the plaintiff, and require from him a bond of indemnity, or he should have required the like bond from the party claiming under the assignment. But if, without requiring any bond of indemnity, and without sufficient evidence, the defendant undertook to decide against the plaintiff's right of set-off, and his decision was wrong, he must be responsible.

*Judgment for the plaintiff.*